IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17–cr-30010-SMY ) |
| DANIELLE CLARK, | ) ) ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Pending before the Court is a Defendant Danielle Clark's *pro se* Motion for Modification (Docs. 37)[1]. For the following reasons, the motion is **GRANTED**.

On July 19, 2017, the undersigned District Judge sentenced Defendant to 37 months' imprisonment and three years of supervised release (Doc. 26). The sentence included a $400 special assessment and restitution in the amount $732,447.36. In the "Schedule of Payments" section of the Judgment, the undersigned entered the following special instruction:

> All criminal monetary penalties are due immediately and payable through the Clerk, U.S. District Court. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $100 or ten percent of her net monthly income, whichever is greater. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release (*see* Doc. 26, p. 6).

On December 6, 2017, Defendant filed the instant motion, seeking to adjust her restitution payment schedule. In support of the motion, Defendant asserts that she cannot meet the payment schedule because the job she currently holds at the Federal Correctional Institution

---

[1] Defendant filed an identical pro se motion at Doc. 39. That motion is hereby MOOT.

at Pekin, Illinois, only pays approximately $5.25 per month. She is a single parent of four children and maintains that she is unable to afford the full restitution payments while incarcerated. She requests that the Court lower her monthly restitution payments while she is incarcerated. Defendant's anticipated release date is March 3, 2020. In further support of her request, Defendant filed a Supplement, attaching her Inmate Transactions Sheet from Pekin FCI (Doc. 40).

The Government filed a Response certifying to the Court that the victims owed restitution have been notified of the change in Defendant's circumstances, as required by 18 U.S.C. § 3664(k) (Doc. 41). The Government further asserts that Defendant is voluntarily participating in the Bureau of Prison's ("BOP") inmate financial responsibility program and, thus, any modification to Defendant's payment structure should be made by the BOP.

Although the BOP may modify Defendant's payments, Defendant may also request modification through the Court pursuant to 18 U.S.C. § 3664. Indeed, the Government concedes that this Court has subject matter jurisdiction to modify Defendant's payment schedule while she is incarcerated, but contends – without support – that it is not in the interest of justice to do so in this case. The Court rejects the Government's position.

18 U.S.C. § 3664(k) allows modification of a restitution order if the Defendant demonstrates that there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," and that Defendant's current economic conditions warrant such an adjustment, as the interests of justice require. 18 U.S.C. § 3664(e), (k). However, § 3664(k) does not allow for a reduction or elimination of the total restitution obligation. *See United States v. Lallemand*, 207 Fed. App'x. 665, 667 (7th Cir. 2006)

(18 U.S.C. § 3664(k) "authorizes adjustment, but not termination, of a restitution payment schedule . . .").

Here, Defendant merely seeks an adjustment to her restitution payments while incarcerated due to her limited income and financial responsibilities with respect to her children. The Court is satisfied that Defendant has demonstrated a material change in economic circumstances that warrants such an amendment. Accordingly, the special instructions of the "Schedule of Payments" section on the Judgment entered in this case on July 19, 2017, is hereby **AMENDED** to read as follows:

> **All criminal monetary penalties are due immediately and payable through the Clerk, U.S. District Court. While the defendant is incarcerated, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $50.00 or ten percent of her net monthly income, whichever is less. Upon the defendant's release from prison, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $100.00 or ten percent of her net monthly income, whichever is greater. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.**

In all other respects, the Judgment remains as entered on July 19, 2017. The Clerk of Court is **DIRECTED** to immediately provide a copy of this Order to Defendant and the Bureau of Prisons institution where Defendant is currently incarcerated.

**IT IS SO ORDERED.**

**DATED: April 13, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
